IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CONRAD PATTERSON | : | |
| Plaintiff | : | |
| v | : | Civil Action No. CCB-06-84 |
| E. BURKEY | : | |
| Defendant | : | |

o0o

## MEMORANDUM

Pending in the above captioned civil rights case is defendant's motion to dismiss or for summary judgment.  Paper No. 10.  Plaintiff was advised of his right to file a response in opposition to the motion and of the consequences of failing to do so.  Paper No. 11.  Plaintiff has filed correspondence in this case concerning "submitted facts in case," which shall be construed as his response in opposition.  Paper No. 13.  Upon review of the papers filed, the court finds a hearing in this matter unnecessary.  *See* Local Rule 105.6 (D. Md. 2004).  For the reasons set forth below, defendant's motion, construed as a motion for summary judgment, shall be granted.

### Background

Plaintiff, an inmate at Western Correctional Institution (WCI), alleges that on December 17, 2005, Officer Burkey was conducting a search of his cell and he planted a phillips head screwdriver in his locker on the top shelf.  Paper No. 1.  Plaintiff claims that he saw Burkey remove the tool from his right side pants pocket and place it on the shelf of plaintiff's locker. Plaintiff asked repeatedly to speak to a supervising officer, but his requests were ignored and he was "forcibly escorted to an empty cell" on another housing tier.  Burkey wrote a Notice of Infraction charging plaintiff with possession of a weapon.  Plaintiff claims that a picture of the item that was allegedly found in his cell was introduced at the adjustment hearing, and depicted an ice pick instead of the screwdriver planted by Burkey.  Plaintiff was found guilty of violating

an institutional rule prohibiting the possession of weapons[1] and received as a penalty loss of good conduct credit, segregation time and loss of visitation.

Defendant asserts, under oath, that the item found in plaintiff's cell appeared to be a homemade weapon and was not planted by either Burkey or the other correctional officer conducting the cell search, Officer Hammons. Paper No. 10 at Ex. 1 and 2. The hearing officer found plaintiff guilty because he did not find his testimony credible. Plaintiff received 365 days of disciplinary segregation, loss of 264 days of good conduct credit, and indefinite loss of visitation, in light of his three prior convictions of assaulting or engaging in violence toward staff.[2]

### Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," summary judgment is inappropriate. *See Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing

---

[1] Rule 105 prohibits possession of a weapon, an article that could be modified into a weapon, or an article that could reasonably be used as a weapon. *See* DCD 105-5 Appx. 1 at p. 2.

[2] Rule 101 prohibits inmates from engaging in acts of violence toward staff or committing assault and battery on staff. *See* DCD 105-5, Appx. 1 at p. 2.

*Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *See Anderson*, 477 U.S. at 256.

## Analysis

Where a prisoner faces the possible loss of good conduct credits as a result of prison disciplinary proceedings, he is entitled to certain due process protections. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). These include advance written notice of the charges against him, a hearing, the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision. *Wolff*, 418 U. S. at 564-571. Substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." *Superintendent, Mass. Correctional Institute v. Hill*, 472 U.S. 445, 455 (1985).     In the instant case there was "some evidence" to support the guilty finding, and, therefore, plaintiff's due process rights were not violated by the substance of the adjustment hearing decision. The adjustment hearing officer based his decision to find plaintiff guilty on the testimony of the reporting officer, whom he found more credible than plaintiff. Paper No. 10 at Ex. 3-5. Federal courts will not review accuracy of disciplinary committee's findings of fact. *See Kelly v. Cooper*, 502 F. Supp. 1371, 1376 (E.D. Va. 1980). Such findings will be disturbed

only when unsupported by any evidence, or wholly arbitrary and capricious. *See Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981).

With respect to the determination of witness credibility, the adjustment hearing officer is in a unique position to make that determination through observation of each witness's demeanor. The finding that plaintiff's claim that he was set up was less credible than the reporting officers' account of the events is not wholly arbitrary and capricious. Indeed, plaintiff's claim in this court that the screwdriver found in his cell was substituted with an ice pick to protect Burkey's attempts to frame him are belied by the evidence. The picture submitted as evidence at the adjustment center depicts a phillips head screwdriver. Paper No. 10 at Ex. 3-3. To the extent that there was other evidence that could have been considered by the hearing officer does not render the decision arbitrary and capricious. Plaintiff asserts that the videotape from the housing unit camera should have been reviewed because it would have supported his version of the facts. Paper No. 13 at p. 2. There is no evidence, however, that plaintiff requested the videotape as evidence at his hearing. Paper No. 10 at Ex. 3-2.

## Conclusion

No genuine dispute of material fact exists to preclude summary judgment in favor of defendant. Accordingly, by separate order which follows, defendant's motion for summary judgment shall be granted and judgment will be entered in his favor.

 August 14, 2006                                    /s/
Date                                                Catherine C. Blake
                                                    United States District Judge

4